T.C. Summary Opinion 2008-116


UNITED STATES TAX COURT


LUIS BIVIECA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26281-06S.                    Filed September 8, 2008.


Luis Bivieca, pro se.

<u>Shawna A. Early</u>, for respondent.


THORNTON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined a $5,827 deficiency in petitioner's 2005 Federal income tax. The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for two of his girlfriend's children; (2) whether petitioner is entitled to the child tax credit; (3) whether petitioner is entitled to head of household filing status; (4) whether petitioner is entitled to the child care credit; and (5) whether petitioner is entitled to the earned income credit.

## Background

The parties have stipulated some facts, which we incorporate herein. When he petitioned this Court, petitioner resided in New York.

In 2005 petitioner was unmarried. He worked as a building superintendent in New York City. As part of his compensation, he was provided with an apartment in the building.

Petitioner's girlfriend, Maria Valdez (Ms. Valdez), had four children, including J.P. and D.F.,[2] who were ages 3 and 9, respectively, in 2005. The children were not petitioner's biological, adopted, or foster children.

---

[2] The Court uses initials when referring to a minor child. See Rule 27(a)(3).

Petitioner filed his 2005 Federal income tax return as a head of household reporting $18,410 of adjusted gross income; he claimed J.P. and D.F. (erroneously described as foster children) as dependents and also claimed the child tax credit, the child care credit, and the earned income credit.

In the notice of deficiency, respondent disallowed both of petitioner's claimed dependency exemptions, the child tax credit, the child care credit, and the earned income credit. Respondent determined petitioner's filing status to be single rather than head of household.

## Discussion

The burden of proof is on petitioner to show that he is entitled to the claimed dependency exemptions and other tax benefits at issue in this case. See Rule 142(a).[3]

### 1. Dependency Exemption

A taxpayer is entitled to claim a dependency exemption only if the claimed dependent is a "qualifying child" or a "qualifying relative" as defined under section 152(c) and (d). Sec. 152(a).

A qualifying child is defined as the taxpayer's child, brother, sister, stepbrother, or stepsister, or a descendant of any of them. Sec. 152(c)(1) and (2). The term "child" includes

---

[3] Petitioner has not claimed or shown that he meets the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to his liability for tax.

a legally adopted individual and a foster child placed in the care of the taxpayer by an authorized placement agency or court order. Sec. 152(f)(1). Neither J.P. nor D.F. is a qualifying child because neither is related to petitioner and neither is an adopted or foster child.

An individual who is not a qualifying child may still, under certain conditions, qualify as a dependent if he or she is a qualifying relative. Sec. 152(a). Under section 152(d)(1), a qualifying relative is an individual: (A) Who bears a qualifying relationship to the taxpayer; (B) whose gross income for the year is less than the section 151(d) exemption amount ($2,000 for 2005); (C) who receives over one-half of his support from the taxpayer for the taxable year; and (D) who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year.

Section 152(d)(2) lists eight types of qualifying relationships, seven of which involve various familial relationships that do not cover petitioner's claimed dependents. Sec. 152(d)(2)(A)-(G). The eighth type of qualifying relationship applies to an individual, other than the taxpayer's spouse, who has the same principal place of abode as the taxpayer and is a member of the taxpayer's household for the taxable year. Sec. 152(d)(2)(H). In order for an individual to be considered a member of a taxpayer's household, the taxpayer must maintain the

household, and both the taxpayer and the individual must occupy the household for the entire taxable year.  Sec. 1.152-1(b), Income Tax Regs.  A taxpayer maintains a household when he or she furnishes more than one-half of the expenses for the household. See sec. 2(b); Rev. Rul. 64-41, 1964-1 C.B. (Part 1) 84.

Petitioner alleges that in 2004 Ms. Valdez and her children were evicted from their Bronx apartment and came to live with him in his Manhattan apartment, where he claims they lived throughout 2005.  The limited documentary evidence that petitioner presented does not corroborate this claim.  For instance, although petitioner offered into evidence D.F.'s proof of school registration, it is for the year 2006 rather than 2005 and shows D.F. as residing at a Bronx address.  This and other deficiencies in the record and inconsistencies in petitioner's testimony leave us unpersuaded that petitioner and the claimed dependents had the same principal place of abode for all of 2005.

Moreover, petitioner maintained no receipts or records of any payments made on J.P.'s or D.F.'s behalf.  Petitioner has not established the amount of support, if any, he paid on behalf of J.P. and D.F. or that his contributions constituted over one-half of their support.  Respondent's determination on this issue is sustained.

2. Child Tax Credit

Section 24 generally allows a tax credit for each qualifying child of a taxpayer (as defined under section 152(c)) who is under 17 years of age. Sec. 24(a), (c)(1). As discussed above, neither J.P. nor D.F. is a qualifying child of petitioner. Petitioner is not entitled to the child tax credit.

3. Head of Household Filing Status

Section 1(b) grants a special tax rate for any individual who qualifies as a head of household. With exceptions not relevant here, the statute generally defines head of household as an unmarried individual who maintains as his or her home a household which constitutes for more than one-half of the taxable year the principal place of abode of either a qualifying child (as defined in section 152(c)) or a dependent of the taxpayer with respect to whom the taxpayer is allowed a deduction under section 151. Sec. 2(b)(1)(A).

As previously discussed, neither J.P. nor D.F. is a qualifying child of petitioner, and petitioner is not entitled to a dependency exemption deduction for J.P. or D.F. Accordingly, petitioner is not entitled to head of household filing status for 2005.

4. Child Care Credit

Section 21(a) and (b)(2) generally provides for a child care credit with respect to employment-related expenses that are

incurred to enable the taxpayer to be gainfully employed, including expenses to care for a "qualifying individual." With exceptions not relevant here, a qualifying individual is generally defined as an individual who is either a qualifying child of the taxpayer (within the meaning of section 152(a)(1)) who has not turned 13 or a dependent of the taxpayer who is physically or mentally incapable of caring for himself or herself and shares the same place of abode with the taxpayer for more than one-half of the taxable year. Sec. 21(b)(1).

As previously discussed, J.P. and D.F. are not qualifying children of petitioner within the meaning of section 152(a)(1). Moreover, petitioner does not allege and the record does not indicate that either child is physically or mentally incapable of caring for himself or herself. Further, petitioner failed to establish that he actually incurred or paid employment-related expenses for the care of the children that enabled him to be employed.[4]

5. Earned Income Credit

Section 32(a) permits an "eligible individual" to claim an earned income credit against his income tax liability. To be an

---

[4] On Form 2441, Child and Dependent Care Expenses, attached to his Form 1040, U.S. Individual Income Tax Return, for 2005 petitioner's claimed employment-related expenses consisted of $6,000 allegedly paid to Ms. Valdez to care for J.P and D.F. Inconsistently, Ms. Valdez testified that she had no income for 2005.

eligible individual, an individual must either have a qualifying child or meet certain other requirements. Sec. 32(c)(1)(A). For 2005 an unmarried individual who has no qualifying child is ineligible for an earned income credit if his or her adjusted gross income exceeds $11,750. Rev. Proc. 2004-71, sec. 3.06, 2004-2 C.B. 970, 973.

Because J.P. and D.F. bore no familial relationship to petitioner, they were not qualifying children. See sec. 32(c)(3)(A). Moreover, because petitioner reported adjusted gross income of $18,410 for 2005, he is not otherwise eligible for an earned income credit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.